Wesley M. Griffith, SBN 286390
**ALMEIDA LAW GROUP, LLC**
111 W. Ocean Blvd., Suite 426,
Long Beach, CA 90802
Telephone: 310-896-5813
E-mail: wes@almeidalawgroup.com

David A. McGee*
**ALMEIDA LAW GROUP, LLC**
3133 Connecticut Ave NW
Washington, DC 20008
Telephone: 202-913-5681
E-mail: dmcgee@almeidalawgroup.com

Loc G. Ho*
**ALMEIDA LAW GROUP, LLC**
157 Columbus Ave, 4th Fl.
New York, NY 10023
Telephone: 347-808-6485
E-mail: loc@almeidalawgroup.com

*Pro hac vice* applications to be filed

*Attorneys for Plaintiffs and the Putative Classes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA JOHNSTON, AND ANATASIA CHERNOV, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE, CORPORATION, and DOES 1-10.<br><br>Defendant. | Case No. '26CV0403 AJB AHG<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

## INTRODUCTION

1.     Costco Wholesale Corporation ("Costco" or "Defendant") has systemically cheated customers out of tens—if not hundreds—of millions of dollars by falsely advertising its Kirkland Signature Seasoned Rotisserie Chicken ("Rotisserie Chicken") as containing "no preservatives."

-1-
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

2.     Costco's representations that its Rotisserie Chicken contains "no preservatives" signals to reasonable consumers, like Plaintiffs, that the Rotisserie Chicken has no additives that function to preserve the taste, flavor, texture, or shelf-life of the product.  Instead, and unbeknownst to Plaintiffs who purchased Rotisserie Chickens in reliance on Costco's false representations that the product contains "no preservatives," the Rotisserie Chicken is made with two added preservatives— sodium phosphate and carrageenan.

3.     Plaintiffs bring this lawsuit to put an end to Costco's false and unlawful "no preservative" claims and to seek all remedies available for Plaintiffs and the Classes for violations of: (1) Washington's Consumer Protection Act, Rev. Code Wash. §§ 19.86.010 *et seq.*; (2) California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; (3) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (4) California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

4.     Plaintiffs Bianca Johnston and Anatasia Chernov ("Plaintiffs") on behalf of themselves, all others similarly situated, by and through their undersigned counsel, hereby bring this action against Costco and make the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to each Plaintiff, which are based on their personal knowledge.

## JURISDICTION AND VENUE

5.     The District Court of the Southern District of California has personal jurisdiction over Defendant because Defendant purposefully availed itself of the benefits of doing business in this District by selling its Rotisserie Chicken to consumers within this District. This Court also has personal jurisdiction over Defendant because a substantial portion of the events giving rise to the claims herein occurred in this District.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

6.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there exists minimal diversity between class members and Costco and because the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events, omissions, and acts giving rise to the claims herein occurred in this District and Plaintiff Anatasia Chernov resides in this District.

8.     Pursuant to California Civil Code Section 1780(d), a declaration from Ms. Chernov is attached as **Exhibit A**, confirming that venue is proper.

## THE PARTIES

**A.     Plaintiffs.**

9.     At all times relevant to this action, Plaintiff Bianca Johnston was over the age of 18 and was a resident of Big Bear, California.

10.     At all times relevant to this action, Plaintiff Anatasia Chernov was over the age of 18 and was a resident of Escondido, California.

**B.     Defendant.**

11.     Defendant Costco Wholesale Corporation is Washington corporation, with its principal place of business in Issaquah, Washington.

12.     Costco has, at all relevant times, conducted extensive business within the State of California and this District, including by selling the Rotisserie Chicken, which is the subject of this litigation.

13.     Does 1-10 are persons and/or entities who assist, participate, and/or otherwise facilitate the unlawful actions described in this Complaint and whose identities are presently unknown to Plaintiffs.

14.     Plaintiffs expressly reserve their right to amend this complaint to add the Doe defendants by name, once their identities are known.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **FACTUAL ALLEGATIONS**

2

**A.    Costco Advertises Its Rotisserie Chicken as Preservative Free.**

3

15.    Costco markets, advertises, and sells its Rotisserie Chicken in its

4

warehouse stores nationwide and through its website, https://sameday.costco.com

5

("Website").

6

16.    Costco makes various representations in-store and online that its

7

Rotisserie Chickens have "no preservatives" ("'No Preservatives' Representations").

8

17.    Within its stores, Costco makes "No Preservatives" Representations on

9

large signs:

10

11

12

13

14

15

16

17

18

19



20

/ / /

21

22

/ / /

23

24

/ / /

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

18.    These signs are positioned at or near the Rotisserie Chicken display in Costco's stores and are prominently displayed so that consumers see Costco's message that its Rotisserie Chicken is free of any preservatives when deciding whether to purchase the product:



/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

19.    Costco also makes "No Preservatives" Representations on its Website:



20.    The online product listing conveys to consumers that the Rotisserie Chicken has "No Preservatives" when consumers are deciding whether to add the product to their online shopping cart.

21.    Through the "No Preservatives" Representations, Costco ensures that consumers understand and believe that the Rotisserie Chicken does not contain preservatives.

22.    Costco makes the "No Preservatives" Representations without any qualifying language.

**B.    Consumers Rely on Costco's "No Preservatives" Representations.**

23.    "No preservatives," "preservative free," and similar representations about a food product concern the nature and composition of the product.

24.    Because consumers, including Plaintiffs, want to know what is in their food, and relatedly what goes into their bodies, they consider the presence or absence of preservatives when purchasing food products.[1]

---

[1] *See* Gary Drenik, *Beyond The Label – Consumers Want The Truth About Product Ingredients*, Forbes (July 18, 2024), https://www.forbes.com/sites/garydrenik/2024/07/18/beyond-the-label--consumers-want-the-truth-about-product-ingredients/ (last visited Jan. 22, 2026) ("[C]onsumers

-6-

25.    No-preservatives, "preservative free," and similar representations signal to consumers that a product does not include ingredients that function to prevent or retard spoilage, oxidation, discoloration, microbial growth, or other forms of deterioration.[2]

26.    Many consumers prefer products advertised as free of preservatives and reasonably rely on prominent front-of-label and point-of-sale representations when making purchase decisions.[3]

27.    Consumers reasonably place greater weight on clear, conspicuous statements like "No Preservatives" than on smaller print disclosures elsewhere on a product's packaging, such as a "back of the label" ingredients list.[4]

28.    Consumers do not expect a product advertised as "preservative free" to contain added ingredients that act as preservatives.

---

are increasingly demanding products free from potentially harmful additives and preservatives and using their spending power to influence companies."); Anna Kinder, *Coming Clean: Consumers Prioritize Ingredient Transparency*, The Food Inst. (Mar. 6, 2025), https://foodinstitute.com/focus/coming-clean-consumers-prioritize-ingredient-transparency/ (last visited Jan. 22, 2026) (explaining "[h]eightened awareness of the health risks of artificial preservatives has fueled" the "clean-label ingredients market" and "demand for minimally processed foods").

[2] A preservative is an ingredient that "that, when added to food tends to prevent or retard deterioration thereof," according to the FDA. *See* 21 C.F.R. § 101.22(a)(5).

[3] *See* Drenik, *supra* note 18; NDTV Food Desk, *Why Consumers Are Saying No To Artificial Ingredients And Yes To Clean Label Products*, NDTV Food (June 16, 2025), https://food.ndtv.com/food-drinks/why-consumers-are-saying-no-to-artificial-ingredients-and-yes-to-clean-label-products-8659304 (last visited Jan. 22, 2026) ("[C]onsumers actively prefer foods that contain simple, natural ingredients.").

[4] *Cf.* Aviva A. Musicus et al., *The Relationship Between Fruit Drink Front-of-Package Claims, Fruit Imagery, and Ingredient Disclosures and Consumer Perceptions, Intentions, and Behavior: A Systematic Review*, J. Acad. Nutrition & Dietetics (Oct. 2025), https://www.jandonline.org/article/S2212-2672(25)00038-3/abstract (last visited Jan. 22, 2026) (explaining in context of fruit drinks, front-of-package claims "are associated with increased selection [and] purchase intentions").

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## C.    Costco's "No Preservatives" Representations Are False.

29.    Despite Costco's "No Preservatives" Representations, Costco uses the additives sodium phosphate and carrageenan in its Rotisserie Chicken.

30.    Sodium phosphate functions as a chemical preservative in foods because it buffers and controls pH, chelates metal ions, and reduces fat oxidation, which collectively inhibit or retard microbial growth and spoilage.[5]

31.    Sodium phosphate also stabilizes proteins and emulsions, helping maintain texture and quality over time and thereby extending shelf stability—i.e., performing a preservative function.[6]

32.    Similarly, carrageenan is used to preserve food texture and extend shelf life.[7]

33.    Because sodium phosphate and carrageenan perform preservative functions in the Rotisserie Chicken, the Rotisserie Chicken in fact contains added preservatives.

34.    Costco's "No Preservatives" Representations are false and misleading, as they are inconsistent with the product's actual added ingredients, namely sodium phosphate and carrageenan.

35.    This inconsistency is not apparent to consumers at the time of purchase because, compared to the "No Preservatives" Representations, the "back of the label"

---

[5] *See* Katarzyna Kimel, *Properties and applications of sodium phosphate*, Natural Poland (May 26, 2022), https://naturalpoland.com/en/artykuly/food-additives/properties-and-applications-of-sodium-phosphate/ (last visited Jan. 22, 2026).

[6] *See id.*

[7] *See Carrageenan: Enhancing Texture and Improving Shelf-Life in Processed Foods*, EasyBuy Ingredients, https://easybuyingredients.com/blog/carrageenan-product-improvement/ (last visited Jan. 22, 2026).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

ingredient list is less prominent, appearing in smaller print on the Rotisserie Chicken's packaging.

36.     Moreover, the "No Preservatives" Representations, which appear on prominent, in-store signs and Costco's Website create an overall net impression that the Rotisserie Chicken does not contain added preservatives.

37.     The presence of sodium phosphate and carrageenan, added preservatives which function as such in the Rotisserie Chicken, contradict the overall net impression that Costco's "No Preservatives" Representations and advertising create.

38.     Consumers, including Plaintiffs, make purchasing decisions based on whether a food product is "preservative free," but they are unable to determine prior to purchase that the Rotisserie Chicken contains added preservatives because they reasonably rely on Costco's prominent "No Preservatives" Representations and the net impression they create.

**D.     Plaintiffs' Experiences.**

　　　　　**1.     Bianca Johnston.**

39.     Plaintiff Bianca Johnston is a citizen of California and has been subjected to Costco's false and misleading Rotisserie Chicken advertising practices.

40.     Ms. Johnston prefers to purchase foods that are preservative free when possible and representations about the presence of preservatives are material to her decision to purchase products.

41.     On or about December 9, 2024, Ms. Johnston visited a Costco store in Victorville, California.

42.     While in the store, Ms. Johnston observed an in-store sign above the Rotisserie Chicken display that stated that Costco's Rotisserie Chicken had "no preservatives."

43.     Relying on Costco's "No Preservatives" Representations, Ms. Johnston decided to purchase a Rotisserie Chicken for personal and household consumption.

44.     At the time of purchase, Ms. Johnston did not know that the Rotisserie Chicken contained sodium phosphate and carrageenan and that these added ingredients acted as preservatives in the product.

45.     Based on Costco's "No Preservatives" Representations, Ms. Johnston reasonably believed that the Rotisserie Chicken did not contain added preservatives.

46.     After purchasing the Rotisserie Chicken, Ms. Johnston later learned that the ingredients include the two added preservatives, sodium phosphate and carrageenan, contrary to Costco's "No Preservatives" Representations.

47.     Had Ms. Johnston known before purchasing that the Rotisserie Chicken contained the preservatives sodium phosphate and carrageenan, Ms. Johnston would not have purchased the Rotisserie Chicken.

48.     Ms. Johnston intends to purchase the Rotisserie Chicken in the future but cannot rely on Costco's preservative-related representations for the product unless those representations are accurate and consistent with the product's ingredients.

49.     So long as the Rotisserie Chicken is advertised as containing no preservatives—when it contains added ingredients that act as preservatives—Ms. Johnston will be unable to make informed decisions about whether to purchase the Rotisserie Chicken in the future and will be unable to evaluate the different prices between Costco's Rotisserie Chicken and competitors' products.

**2.     Anatasia Chernov.**

50.     Plaintiff Anatasia Chernov is a citizen of California and has been subjected to Costco's false and misleading Rotisserie Chicken advertising practices.

51.     Ms. Chernov prefers to purchase foods that are preservative free when possible and representations about the presence of preservatives are material to her decision to purchase products.

52.     On or about February 17, 2025, Ms. Chernov visited a Costco store in San Marcos, California.

-10-

53.     While in the store, Ms. Chernov observed an in-store sign above the Rotisserie Chicken display that stated that Costco's Rotisserie Chicken had "no preservatives."

54.     Relying on Costco's "No Preservatives" Representations, Ms. Chernov decided to purchase two Rotisserie Chickens for personal and household consumption.

55.     At the time of purchase, Ms. Chernov did not know that the Rotisserie Chicken contained the added preservatives sodium phosphate and carrageenan.

56.     Based on Costco's "No Preservatives" Representations, Ms. Chernov reasonably believed that the Rotisserie Chicken did not contain added preservatives.

57.     After purchasing the two Rotisserie Chickens, Ms. Chernov later learned that the ingredients include the two added preservatives, sodium phosphate and carrageenan, contrary to Costco's "No Preservatives" Representations.

58.     Had Ms. Chernov known before purchasing that the Rotisserie Chicken contained sodium phosphate and carrageenan and that these ingredients acted as preservatives, Ms. Chernov would not have purchased the two Rotisserie Chickens.

59.     Ms. Chernov intends to purchase the Rotisserie Chicken in the future but cannot rely on Costco's preservative-related representations for the product unless those representations are accurate and consistent with the product's ingredients.

60.     So long as the Rotisserie Chicken is advertised as containing no preservatives—when it contains added ingredients that act as preservatives—Ms. Chernov will be unable to make informed decisions about whether to purchase the Rotisserie Chicken in the future and will be unable to evaluate the different prices between Costco's Rotisserie Chicken and competitors' products.

## FED. R. CIV. P. 9(B) ALLEGATIONS

61.     Although Defendant is best situated to know the composition of its Rotisserie Chicken, to the extent necessary, as detailed in this Complaint, Plaintiffs

-11-

have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

62. **Who:** Costco, Plaintiffs, and the Classes (as defined below).

63. **What:** Costco's conduct, as described herein, was and continues to be deceptive because it omitted and concealed that its Rotisserie Chicken contains two preservatives, sodium phosphate and carrageenan, despite affirmatively representing through its "No Preservatives" Representations that the Rotisserie Chicken contains no preservatives. This false and misleading representation was material to Plaintiffs and the Classes because Plaintiffs and members of the Classes would not have purchased Rotisserie Chickens at all had they known the Products contained the added preservatives sodium phosphate and carrageenan. Costco knew or should have known that this information is material to reasonable consumers, including Plaintiff and members of the Classes, in making their purchasing decisions, given Costco's industry expertise and offering of products and consumer trends within the industry, as described above, yet it continues to pervasively advertise the Rotisserie Chicken in the alleged manner.

64. **When:** Costco made material misrepresentations and omissions to Plaintiffs and members of the Classes during the putative class period, including prior to and at the time of purchase, despite its knowledge that the Rotisserie Chicken did, in fact, contain added preservatives. Plaintiff and Class Members viewed the "No Preservatives" Representations made by Costco on in-store signs and Costco's Website when purchasing and understood them to mean that the Product did not contain any preservatives.

65. **Where:** Costco made material misrepresentations and omissions on the Rotisserie Chicken's in its stores and on its Website.

66. **How:** Costco made material false misrepresentations and omissions of fact regarding the Rotisserie Chicken by making the "No Preservatives" Representations, representing that the Rotisserie Chicken contained no added

-12-

preservatives. Costco omitted material disclosures to consumers about the true contents of the Rotisserie Chicken. Reasonable consumers would understand Costco's "No Preservatives" Representations to mean that the Rotisserie Chicken did not contain any added ingredients that function as preservatives and would not expect that the Rotisserie Chicken in fact contained added preservatives.

67.    **Injury:** Plaintiff and members of the Classes would not have purchased the Rotisserie Chicken at all, absent Costco's misrepresentations or omissions.

## TOLLING ALLEGATIONS

68.    Plaintiffs and members of the Classes did not discover, and could not reasonably have discovered, the facts constituting Costco's misconduct until shortly before filing this action.

69.    Costco concealed the true nature of the Rotisserie Chicken by prominently representing it as having "no preservatives," without qualification, while formulating it with ingredients that act as preservatives.

70.    Costco's concealment included affirmative misstatements and omissions on in-store signs and Costco's Website, none of which disclosed the added preservatives sodium phosphate and carrageenan.

71.    Any disclosure of these added ingredients appeared, if at all, only in small print on the "back of the label" ingredient list and without any explanation of their preservative roles, rendering any such disclosures insufficient to alert a reasonable consumer to the falsity of Costco's prominent "No Preservatives" Representations.

72.    Costco possessed superior knowledge regarding the formulation and preservative functions of the Rotisserie Chicken's ingredients and failed to disclose this material information to consumers.

73.    Plaintiffs and Class Members acted with reasonable diligence, as they reviewed Costco's prominent "No Preservatives" Representations and had no reason

-13-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

to suspect that these representations were false or that further investigation was necessary.

74.    As a result of Costco's concealment and omissions, the applicable statutes of limitations are tolled until the time Plaintiffs and members of the Classes discovered, or reasonably could have discovered, the truth.

75.    Plaintiffs discovered the false nature of Costco's misrepresentations in January 2026 and promptly filed this lawsuit.

## **CLASS ALLEGATIONS**

76.    This action is brought and may properly proceed as a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), including, without limitation, Sections (b)(2) and (b)(3) of Rule 23.

*77.*    Plaintiffs seek certification of the following Classes:

> ***Nationwide Class***: All persons in the United States who purchased Costco's Rotisserie Chicken (the "Nationwide Class").

> ***California Subclass***: All persons in California who purchased Costco's Rotisserie Chicken (the "California Subclass").

78.    Plaintiffs explicitly reserve their right to amend, add to, modify, and/or otherwise change the proposed class definitions as discovery in this action progresses.

79.    The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action, members of their staffs (including judicial clerks), and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel,

-14-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and non-attorney employees of their firms; and (6) the legal representatives, successors, and assigns of any such excluded persons.

80.    **Numerosity.** Plaintiffs are informed and believe that there are hundreds of thousands, if not millions, of members of the Classes. The Classes are so large that the joinder of all of the members in each of the Classes is impracticable. The exact number of members of each Class can be determined from information in the possession and control of Costco.

81.    **Commonality.** Costco has acted or refused to act on grounds that apply generally to the Classes. Absent certification of the Classes, the relief sought herein creates the possibility of inconsistent judgments and/or obligations imposed on Costco. Numerous common issues of fact and law exist, including, without limitation:

    a.    Whether Defendant's Rotisserie Chicken was free of preservatives.

    b.    Whether Defendant's Rotisserie Chicken contained preservatives and additives contrary to a reasonable consumer's understanding of Defendant's "No Preservatives" Representations.

    c.    Whether reasonable consumers would understand Defendant's "No Preservatives" Representations to be false and misleading.

    d.    Whether Defendant's "No Preservatives" Representations were material.

    e.    Whether Defendant knew that its "No Preservatives" Representations were false and misleading.

    f.    Whether Defendant violated Washington's Consumer Protection Act ("WCPA"), RCW 19.86.010 *et seq.*

    g.    Whether Defendant was unjustly enriched as a result of its unlawful conduct alleged in this Complaint.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

h.   Whether Defendant violated California's Consumers Legal Remedies Act, ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*

i.   Whether Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

j.   Whether Defendant violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

82.   **Predominance.** These common issues predominate over individualized inquiries in this action because Costco's liability can be established as to all members of the Classes as discussed herein.

83.   **Typicality.** Plaintiffs' claims against Costco and experiences with Costco are typical, if not identical, to the claims and experiences of members of the Classes in that, among other reasons, Plaintiffs' claims arise from their exposure to and reliance on Costco's standardized false and misleading "No Preservatives" Representations when purchasing the Rotisserie Chicken and their losses suffered as a result of their purchases.

84.   **Adequacy.** Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs' claims are representative of the claims of the other members of the Classes, as Plaintiffs and each member of the Classes lost money by relying on Costco's false and misleading "No Preservatives" Representations when purchasing Rotisserie Chickens. Plaintiffs also have no interests antagonistic to those of the Classes, and Costco has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Classes.

85.   **Superiority.** There are substantial benefits to proceeding as a class action that render proceeding as a class action superior to any alternatives, including that it will provide a realistic means for members of the Classes to recover damages;

-16-

the damages suffered by members of the Classes may be relatively small; it would be substantially less burdensome on the courts and the parties than numerous individual proceedings; many members of the Classes may be unaware that they have legal recourse for the conduct alleged herein; and because issues common to members of the Classes can be effectively managed in a single proceeding. Plaintiffs and their counsel know of no difficulty that could be encountered in the management of this litigation that would preclude its maintenance as a class action.

86.    Plaintiffs reserve the right to revise each of the foregoing allegations based on facts learned through additional investigation and in discovery.

## CAUSES OF ACTION

**A.    First Cause of Action: Violation of Washington's Consumer Protection Act ("WCPA"), Rev. Code Wash. §§ 19.86.010 *et seq.*, on Behalf of Plaintiffs and the Nationwide Class.**

87.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86, inclusive, of this Complaint.

88.    The WCPA makes it unlawful to commit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash. § 19.86.020; *see also id.* § 19.86.090 (providing private right of action for "[a]ny person who is injured" by violations of the Act).

89.    In the course of Costco's business, through its "No Preservatives" Representations and advertising, it deceptively advertised that the Rotisserie Chicken contains no preservatives, when, in fact, the Rotisserie Chicken contains additives that function as preservatives in the product.

90.    Costco's misrepresentations and omissions occurred in the conduct of trade or commerce, as it marketed, advertised, sold, and distributed the Rotisserie Chicken to consumers throughout Washington and the United States.

91.    Costco's acts affect the public interest because Costco's false and misleading "No Preservatives" Representations were made to the general public at

-17-

large, that practice is capable of repetition and has the capacity to deceive a substantial portion of the public; and consumers, including Plaintiffs and the Nationwide Class, reasonably relied on Costco's "No Preservatives" Representations in making purchasing decisions.

92.     Costco's unfair and deceptive acts caused Plaintiffs and the Nationwide Class to suffer an injury to their business or property, including but not limited to the purchase price paid for the Rotisserie Chicken or, alternatively, the premium attributable to Costco's misleading "No Preservatives" Representations.

93.     Plaintiffs and the Nationwide Class would not have purchased the Rotisserie Chicken, or would have paid significantly less for it, had they known the truth about the presence and preservative function of certain of its added ingredients, namely sodium phosphate and carrageenan.

94.     Plaintiffs and the Nationwide Class were injured as a result of Costco's conduct and suffered ascertainable monetary loss.

95.     Plaintiffs, on behalf of themselves and the Nationwide Class, seek an award of actual damages, treble damages, injunctive relief, restitution, disgorgement of the funds by which Costco was unjustly enriched, and attorney's fees and costs as permitted by the WCPA. Rev. Code Wash. § 19.86.090.

96.     Pursuant to Revised Code of Washington § 19.86.095, Plaintiffs will serve the Washington Attorney General with a copy of this Complaint, as Plaintiffs seek injunctive relief.

**B.     Second Cause of Action: Violation of California's Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*, on Behalf of Plaintiffs and the California Subclass.**

97.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86, inclusive, of this Complaint.

98.     At all relevant times, Plaintiffs and California Subclass members were "consumers" within the meaning of the CLRA, as they were individuals seeking or

-18-

acquiring, by purchase or lease, goods or services for personal, family, or household purposes.

99.   Costco's actions and conduct constituted transactions for the sale or lease of goods or services to consumers under the terms of the CLRA, namely the selling of Rotisserie Chicken through "No Preservatives" Representations when the Rotisserie Chicken actually contained added preservatives.

100.   Costco violated the CLRA by, among other things, making materially false "No Preservatives" Representations and omitting truthful information about the Rotisserie Chicken from Plaintiffs and the California Subclass.

101.   Specifically, Costco violated Section 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

102.   Additionally, Costco violated the CLRA by:

a.   **"**Representing that goods or services have . . . characteristics, ingredients, . . . which they do not have" (a)(5); and

b.   "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another" (a)(7).

103.   Costco's misrepresentations and omissions were material, and its violations of the CLRA were a substantial factor in causing Plaintiffs and the California Subclass to suffer loss as a result of purchasing Rotisserie Chicken in reliance on Costco's "No Preservatives" Representations when the Rotisserie Chicken has added preservatives.

104.   Costco's unlawful actions constituted, and still constitute, a continuing course of conduct in violation of the CLRA.

105.   As a direct and proximate consequence of these actions, Plaintiffs and the California Subclass suffered injury.

106.   Costco's conduct was malicious, fraudulent, and wanton in that it intentionally and knowingly provided false and misleading information to Plaintiffs

-19-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and the California Subclass for Costco's own benefit to the detriment of Plaintiffs and the California Subclass.

107.   At this time, Plaintiffs and the California Subclass only seek injunctive and declaratory relief and attorney's fees and costs for this cause of action.[8]

**C.    Third Cause of Action: Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.,* on Behalf of Plaintiffs and the California Subclass.**

108.   Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86, inclusive, of this Complaint.

109.   Costco, Plaintiffs, and California Subclass members are "persons" within the meaning of the UCL.

110.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice," each of which is separately actionable.

111.   Costco's advertising practices with respect to its Rotisserie Chicken are "unlawful" within the meaning of the UCL because, among other things, those practices violate the CLRA, with Section 1770(a)(9) prohibiting "[a]dvertising goods or services with intent not to sell them as advertised."

112.   Costco's advertising practices with respect to its Rotisserie Chicken were also unlawful within the meaning of the UCL because they violated the WCPA (as detailed in the First Cause of Action above) and the FAL (as detailed in the Fourth Cause of Action below).

113.   The acts and practices of Costco as alleged herein also constituted "unfair" business acts and practices under the UCL because Costco's conduct was unconscionable, immoral, deceptive, unfair, illegal, unethical, oppressive, and/or

---

[8] Pursuant to Section 1782(d) of the CLRA, Plaintiffs expressly reserve their right to amend their CLRA cause of action to add claims for monetary relief, including, without limitation, for actual, punitive, statutory, and restitutionary damages, at least 30 days after providing the Costco the notice contemplated by Section 1782(a).

unscrupulous. Further, the gravity of Costco's conduct outweighed any conceivable benefit of such conduct.

114.    Costco has, in the course of business and in the course of trade or commerce, undertaken and engaged in unfair business acts and practices by tricking Plaintiffs and members of the California Subclass into purchasing or alternatively paying a premium for its Rotisserie Chicken by advertising the product with "No Preservatives" Representations and failing to clearly disclose that it has added preservatives.

115.    Plaintiffs and the California Subclass have suffered injury in fact and have lost money as a result of Costco's unlawful business acts and practices.

116.    Plaintiffs and the California Subclass could not have reasonably avoided their injury or known that the prominent "No Preservatives" Representations and advertising for the Rotisserie Chicken were in fact inaccurate and contradicted by any fine-print, inconspicuous disclosures. As such, they could not have reasonably avoided the injury they suffered. Further, even if consumers, including Plaintiffs and California Subclass members, read the fine-print ingredient list, they would have no reason to believe that the added sodium phosphate and carrageenan in the Rotisserie Chicken functioned as preservatives in the Rotisserie Chicken given the "No Preservatives" Representations.

117.    Plaintiffs and the California Subclass seek an order providing restitution and disgorgement of the entire purchase price or, alternatively, the price premium paid to Costco.

118.    Plaintiffs and the California Subclass further seek their attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5 because Plaintiffs and the California Subclass seek to enforce "an important right affecting the public interest" in bringing this cause of action.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**D.    Fourth Cause of Action: Violation of California's False Advertising Law, Cal. Civ. Code §§ 17500 *et seq.,* on Behalf of Plaintiffs and the California Subclass.**

119.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86, inclusive, of this Complaint.

120.    In violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.,* Costco's advertisements, acts, and practices described in this Complaint were designed to deceive Plaintiffs and the California Subclass into buying and/or paying a premium for the Rotisserie Chicken in reliance on Costco's "No Preservatives" Representations—and they did in fact result in Plaintiffs and the California Subclass buying and/or paying a premium to Costco for the Rotisserie Chicken in such reliance.

121.    Costco knew or reasonably should have known that the "No Preservatives" Representations were false and deceptive.

122.    Specifically, as alleged in this Complaint, Costco's unfair, unconscionable, deceptive acts, practices, omissions, and/or affirmative misstatements include, but are not limited to, its "No Preservatives" Representations and the overall net impression of those representations.

123.    As a result, Plaintiffs and the California Subclass are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Costco was unjustly enriched.

124.    Plaintiffs and the California Subclass further seek their attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5 because Plaintiffs and the California Subclass seek to enforce "an important right affecting the public interest" in bringing this cause of action.

-22-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# **PRAYER FOR RELIEF**

125.    WHEREFORE, Plaintiffs and members of the Classes seek an Order:

a.    Certifying the proposed Classes pursuant to Rule 23, appointing Plaintiffs as Class Representatives in the Classes, and appointing Plaintiffs' counsel as Counsel for the Classes;

b.    Declaring that Costco is financially responsible for notifying members of the Classes of the pendency of this suit;

c.    Declaring that Costco has committed the violations of law alleged herein;

d.    Providing for any and all injunctive relief the Court deems appropriate;

e.    Awarding statutory damages in the maximum amount for which the law provides;

f.    Awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

g.    Providing for any and all equitable monetary relief, including, without limitation, restitution, the Court deems appropriate;

h.    Awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

i.    Awarding Plaintiffs their reasonable costs and expenses of suit, including attorney's fees;

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

j.    Awarding pre- and post-judgment interest to extent the law allows; and

k.    Providing such further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: January 22, 2026

*/s/ Wesley M. Griffith*
Wesley M. Griffith, SBN 286390
**ALMEIDA LAW GROUP, LLC**
111 W. Ocean Blvd., Suite 426,
Long Beach, CA 90802
Telephone: 310-896-5813
E-mail: wes@almeidalawgroup.com

David A. McGee*
**ALMEIDA LAW GROUP, LLC**
3133 Connecticut Ave NW
Washington, DC 20008
Telephone: 202-913-5681
E-mail:
dmcgee@almeidalawgroup.com

Loc G. Ho*
**ALMEIDA LAW GROUP, LLC**
157 Columbus Ave, 4th Fl.
New York, NY 10023
Telephone: 347-808-6485
E-mail: loc@almeidalawgroup.com

*_Pro hac vice_ applications to be filed

*Attorneys for Plaintiffs and the
Putative Class*

-24-
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR TRIAL BY JURY

Plaintiffs, on behalf of themselves and the putative classes, hereby respectfully demand a trial by jury on all claims for which a jury trial is available.

Dated: January 22, 2026

*/s/ Wesley M. Griffith*
Wesley M. Griffith, SBN 286390
**ALMEIDA LAW GROUP, LLC**
111 W. Ocean Blvd., Suite 426,
Long Beach, CA 90802
Telephone: 310-896-5813
E-mail: wes@almeidalawgroup.com

David A. McGee*
**ALMEIDA LAW GROUP, LLC**
3133 Connecticut Ave NW
Washington, DC 20008
Telephone: 202-913-5681
E-mail:
dmcgee@almeidalawgroup.com

Loc G. Ho*
**ALMEIDA LAW GROUP, LLC**
157 Columbus Ave, 4th Fl.
New York, NY 10023
Telephone: 347-808-6485
E-mail: loc@almeidalawgroup.com

*Pro hac vice* applications to be filed

*Attorneys for Plaintiffs and the
Putative Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL